UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14012-CR-GRAHAM/LYNCH
02-14051-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

　　Plaintiff,

v.

PHILLIP MORRIS HERRIN,

　　Defendant.
_____/



FILED by _____ D.C.

MAR 16 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSION TO VIOLATIONS AS SET FORTH IN THE PETITION FOR VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a preliminary hearing and final evidentiary hearing on March 16, 2015, in respect to the pending Petition Alleging Violations of Supervised Release and this Court having conducted a hearing, this Court recommends to the District Court as follows:

　　1.　　The Defendant appeared before this Court on March 16, 2015, for a preliminary hearing and a final evidentiary hearing in respect to the Petition Alleging Violations of Supervised Release alleging the following violations:

| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 19, 2014, in Okeechobee County, Florida, the defendant did commit driving under the influence, contrary to Florida Statute 316.193(1). (Case Number 2014MM000370) |
|---|---|
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 19, 2014, in Okeechobee County, Florida, the defendant did commit possession of open container in motor vehicle, contrary to Florida |

1

|  |  |
|---|---|
|  | Statute 316.1936(2)(A). (Case Number 2014 TR001069) |
| **Violation Number 3** | **Violation of Special Condition**, by failing to participate in an approved program for domestic violence at the defendant's own expense. On or about July 8, 2014, the defendant was unsuccessfully discharged from the program at Breakthrough Services, Inc., due to excessive absences. Therefore, he has not successfully completed the program as directed by the Court and monitored by the U.S. Probation Officer. |
| **Violation Number 4** | **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. On or about July 25, 2014, the defendant moved from his residence located at 12626 126th Boulevard, Okeechobee, Florida, and his whereabouts are unknown. |
| **Violation Number 5** | **Violation of Standard Condition**, by failing to report to the probation officer as directed. On July 25, 2014, during a telephone conversation, the defendant was instructed to report to the U.S. Probation Officer on July 29, 2014, and he failed to comply. |

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit each of the five violations as set forth in the Petition. This Court questioned the Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing in respect to the alleged violations. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. The possible maximum penalties which the Defendant was facing were read into the record by the government and the Defendant stated that he understood those penalties.

4. Counsel for parties agreed that the Court could take judicial notice of the facts set forth in the Petition Alleging Violations of Supervised Release and the Memorandum from USPO Ramos to Judge Graham dated August 19, 2014. Therefore the Court did take judicial notice of the facts set forth in that Memorandum and finds that it sets forth a sufficient factual basis to support the Defendant's admissions to Violations Numbers 1 through 5, inclusive as set forth in the Petition.

Additionally, the government submitted Government's Exhibits Nos. 1 and 2 which are certified copies of the Defendant's Judgment and Conviction in respect to the underlying DUI arrest referenced in Violation Number 1 as well as the open container charge contained within Violation Number 2 of this Petition. Government's Exhibit No. 2 appears to be a Judgment and Conviction in respect to violation of probation charge arising from the Defendant's admission to violating his probation in the state proceedings.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 1 through 5 of the Petition under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violations Numbers 1 through 5 inclusive as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules

of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _____ day of March, 2015, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Theodore M. Cooperstein
AFPD Fletcher Peacock
U. S. Probation
U. S. Marshal