UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14012-CR-GRAHAM/MAYNARD
CASE NO. 02-14051-CR-GRAHAM/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PHILLIP MORRIS HERRIN,

    Defendant.

_____/

FILED by _____ D.C.

JUL 18 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSION TO VIOLATION NUMBERS 1, 2, 3, 4, 5, AND 6 AS SET FORTH IN THE PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come before the Court for a final hearing on July 16, 2018 with respect to the Petition for Warrant or Summons for Offender under Supervision (the "Petition"), and this Court having convened a hearing, recommends to the District Court as follows:

    1.    Defendant appeared before this Court on July 16, 2018 for a final hearing on the Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Standard Condition**, by failing to notify the probation office of any change in residence. On or about May 25, 2018, the defendant moved from his residence of 4523 Southeast 23rd Court, Okeechobee, Florida, and his whereabouts are unknown. |
| **Violation Number 2** | **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On or about May 25, 2018, the defendant failed to contact the probation officer daily as directed. |
| **Violation Number 3** | **Violation of Standard Condition**, by failing to report to the probation officer in a manner and frequency as directed by the court or probation officer. The defendant has failed |

|  |  |
|---|---|
|  | to submit a written monthly report for the month of May 2018, as directed, in person, via email, electronically submitted, etc. |
| **Violation Number 4** | **Violation of Special Condition**, by failing to participate in an approved treatment program. On or about May 25, 2018, the defendant failed to schedule a substance abuse evaluation with Changing Tree Wellness Center, Incorporated, and to date, has not satisfactorily participated in treatment as directed by the Court and monitored by the U.S. Probation Officer. |
| **Violation Number 5** | **Violation of Mandatory Condition**, by refusing to submit to drug testing. On May 29, 2018, the defendant failed to submit to drug testing as scheduled by Code-A-Phone. |
| **Violation Number 6** | **Violation of Mandatory Condition**, by refusing to submit to drug testing. On June 8, 2018, the defendant failed to submit to drug testing as scheduled by Code-A-Phone. |

2. After consultation with his attorney, Defendant announced to this Court that he wished to admit Violation Numbers 1, 2, 3, 4, 5 and 6 as set forth in the Petition. This Court questioned Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing with respect to the alleged violations. Defendant acknowledged that he understood his rights and further understands that if this Court accepts his admissions all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. The possible maximum penalties faced by Defendant were read into the record by the Government, and Defendant stated that he understood those penalties.

4. The Government provided a factual proffer for Defendant's admissions and Defendant agreed that proffer was true and correct. According to the Government, on May 25, 2018, the probation officer met with Defendant at a Walmart in Okeechobee, Florida. Defendant reported that he no longer lived at the SE 23rd Court address, was homeless and did not have a

phone. The probation officer instructed Defendant that he was required to call the probation officer daily (borrowing a phone if necessary), comply with Code-A-Phone testing, and schedule a substance abuse evaluation with Changing Tree Wellness Center, Inc. On May 29, 2018, Defendant was selected by Code-A-Phone to report for a drug test and failed to do so. Defendant also failed to submit a monthly report for May 2018, and failed to set up a substance abuse evaluation. Defendant called the probation officer on May 31, 2018 and reported that he is still homeless and without a phone. The officer responded that he would be in Okeechobee on June 5, 2018 to discuss options and possible resolutions to Defendant's issues. On June 5, the probation officer went to Okeechobee but was unable to locate the Defendant. On June 8, 2018, Defendant was again selected by Code-A-Phone to report for drug testing and failed to do so. On June 18, 2018, Defendant contacted the probation officer and reported that he was in Fort Drum, Florida, but did not provide a specific location. The Court has considered the Government's proffer, and finds that it sets forth a sufficient basis to support Defendant's admissions to Violation Numbers 1 through 6.

**ACCORDINGLY**, based upon Defendant's admission to Violation Numbers 1, 2, 3, 4, 5, and 6 of the Petition under oath, this Court recommends to the District Court that Defendant be found to have violated his supervised release with respect to Violation Numbers 1, 2, 3, 4, 5, and 6, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal

Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this  18th  day of July, 2018.

*/s/ Shaniek Maynard*
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE